UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY EUGENE ALLISON,<br><br>Plaintiff,<br><br>v.<br><br>RONA SIEGERT, et al.,<br><br>Defendants. | Case No. 1:19-cv-00122-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Rona Siegert's Motion for Summary

Judgment (Dkt. 19), Plaintiff Gary Eugene Allison's Motion to Deny or Stay

Summary Judgment (Dkt. 21) and Request for Discovery (Dkt. 22). Allison, who is

proceeding *pro se* in this action, also filed an Amended Complaint on July 25,

2019. (Dkt. 14).

As discussed below, Plaintiff's Amended Complaint was filed as of right.

Accordingly, the Court has conducted an initial review of the Amended Complaint.

As discussed below, the Court finds that Allison may proceed on his claims against

Defendants William Rogers and Ron Siegert for deliberate indifference to serious

medical needs in violation of the Eighth Amendment. The Court will dismiss

without prejudice Allison's claims against Defendant Corizon. As to the pending motions, the Court will grant Plaintiff's Motion to Deny or Stay and Motion for Request for Discovery, and will deny without prejudice Defendant Siegert's Motion for Summary Judgment.

## BACKGROUND

Allison, an inmate in the custody of the Idaho Department of Corrections (IDOC) initiated this action on April 11, 2019, with the filing of a complaint and application to proceed *in forma pauperis* (Dkts. 1, 3.) The Complaint brought claims against Corizon Medical and Rona Siegert for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On July 20, 2019, the Court entered its Initial Review Order allowing Allison to proceed only on his Eighth Amendment claims against Defendant Siegert (Dkt. 8). The Court dismissed, without prejudice, Allison's claims against Corizon, finding those claims were too vague to proceed. The Court explained that Allison alleged only that "'Corizon employees' said that it is Corizon's policy to always treat pain issues in-house and to never refer inmates to outside pain specialists," and did not identify "which Corizon employees made these representations, what positions within the Corizon organization the employees held, and where and when the statements were made." (*Id.* at 6-7.) Allison also failed to allege that there had been a pattern of the same type of denials at the

prison. (*Id.* at 7.)

The Court also gave the following additional guidance to Allison:

> Plaintiff may choose to engage in disclosure and discovery with Defendant Siegert to determine who made the medical decisions in his case and why they did so, before determining whether there is sufficient factual basis to file an amendment to attempt to state a policy claim against Corizon. Another option is for [Plaintiff] to add as defendants the particular Corizon medical staff who personally participated in the denial of medical treatment.

(*Id.*)

On July 25, 2019, Allison filed an Amended Complaint. (Dkt. 14.) In the Amended Complaint, Allison brings Eighth Amendment deliberate indifference to serious medical needs claims against Corizon, Siegert, and a new defendant, William Rogers. (*Id.*) Less than a week later, on August 1, 2019, Defendant Siegert filed an answer to the original complaint. (Dkt. 15.)

On April 2, 2020, Defendant Siegert filed a Motion for Summary Judgment (Dkt. 19). Shortly thereafter, the Notice to *Pro Se* Litigant of Your Rights and Obligations Re: The Opposing Party's Motion for Judgment or Dismissal was served on Allison by mail. (Dkt. 20.) Due to the statewide stay-at-home order, that notice was not sent to Allison until April 9, 2020. On April 30, 2020, Allison filed a Motion to Deny or Stay Summary Judgment (Dkt. 21) and Motion for Request for Discovery (Dkt. 22). Defendant Siegert opposes these motions. (Dkt. 23.)

## ANALYSIS

### A.    Amended Complaint

In the Initial Review Order, the Court suggested to Allison that he may choose to "add as defendants the particular Corizon medical staff who personally participated in the denial of medical treatment," and advised him that "[a]ny proposed amendment must be filed before the amendment deadline." (Dkt. 8 at 7.) In filing an amended complaint, Allison appears to have been attempting to follow the Court's suggestion because his amended complaint is identical to his original complaint except that it adds a specific named defendant—William Rogers—who is apparently a member of the Corizon medical staff.

The Court acknowledges that Allison did not move to amend his complaint, but instead merely filed the Amended Complaint. However, at that time he filed the Amended Complaint, Defendants had not yet filed a responsive pleading. Allison thus was entitled to file the Amended Complaint as a matter of right and was not required to obtain leave to do so. *See* Fed. R. Civ. P. 15(a)(1); *Goodrum v. Busby*, 824 F.3d 1188, 1196 (9th Cir. 2016) (district court did not have discretion to deny leave to amend because the petitioner was entitled to amend his initial petition as a matter of right where the respondent had not yet filed a response to the initial petition).

**B.     Screening of Amended Complaint**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed *in forma pauperis*, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Here, Allison's Amended Complaint brings claims against Corizon, Siegert, and Rogers for deliberate indifference to serious medical needs in violation of the Eighth Amendment. The Amended Complaint alleges as follows:

> [Nurse Practitioner] Rogers is and has been my primary medical provider since I returned to IDOC in June 2017. He has been treating my severe and [chronic] pain, caused by nerve damage . . . from a birth defect in my spine. From June 2017 to the present, NP Rogers refuses to prescribe me pain therapy adequate to manage my pain. Numerous times I have complained to NP Rogers that I suffer terrible pain and need adequate pain therapy – either by adequate pain medication or by referral to a specialist in pain treatments other than the use of narcotics. NP Rogers continues to deny me adequate pain therapy and refuses to refer me to a pain specialist.
>
> . . . .
>
> I have severe nerve damage, from my lower back down. Due to extensive damage to my spinal cord, caused by a birth defect that was

not identified until I was forty years old. Which causes severe and constant pain.

The current treatment and pain medication are totally inadequate. Before I left the Idaho Department of Corrections in 2015, I was on 150 mgs of Oxycodine a day which made the pain tolerable. There are several new treatment[s], like elector stimulation implants, chemic[al] burning of the nerve endings and other treatment besides medication. Corizon employees said pain issues are always treated in-house, so no [referrals] to pain specialist will be made per Corizon custom. Corizon per policy/practice does not staff an in-house pain specialist.

IDOC's Health Service director Rona [Siegert] denied both grievances and requests for pain management in this regard.

(Dkt. 14 at 4-5.)

## 1. Eighth Amendment Standards

Section 1983 is not a claim in itself but is merely the statutory vehicle used to assert specific constitutional claims against government actors. The Eighth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, protects prisoners against cruel and unusual punishment. Although prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The Eighth Amendment includes the right to adequate medical care in prison, and prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The Eighth Amendment does not provide a right to a specific treatment, *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), and differences in judgment between an inmate and prison medical providers regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *see also Lamb v. Norwood*, 895 F.3d 756, 760 (10th Cir. 2018) ("[P]rison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants."). To state an Eighth Amendment claim "involving choices between alternative courses of treatment," the plaintiff must plausibly allege "that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi*, 391 F.3d at 1058 (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

Stated another way, a plaintiff must plausibly allege that medical providers chose one treatment over the plaintiff's preferred treatment "even though they

knew [plaintiff's preferred treatment] to be medically necessary based on [the plaintiff's] records and prevailing medical standards." *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N.D. Cal. 2015). If medical personnel have been "consistently responsive to [the inmate's] medical needs," and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," there has been no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061.

### 2. Discussion

#### a. *Defendants Siegert and Corizon*

Allison includes the same allegations and claims in the Amended Complaint as he included in the Original Complaint regarding Defendants Siegert and Corizon. The Court previously screened those allegations and claims and will not re-screen them here. Instead, for the reasons stated in the Initial Review Order (Dkt. 8), the Court finds that Allison has stated a colorable claim against Defendant Siegert for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and his claim against Defendant Siegert may accordingly proceed. Similarly, for the reasons stated in the Initial Review Order, Allison has failed to state a claim against Defendant Corizon, and Defendant Corizon is accordingly dismissed without prejudice.

### b. *Defendant Rogers*

Allison's Amended Complaint, liberally construed, states a colorable Eighth Amendment medical treatment claim against Defendant Rogers. Liberally construed, Allison's allegations state that Rogers has refused to provide Allison with adequate pain therapy and refuses to refer him to a pain specialist because pain issues are always treated in house so no referrals will be made as a matter of policy. The allegations are sufficient at this stage to support a claim that Roger's chosen course of treatment for Allison "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk" to Allison's health. *Toguchi*, 391 F.3d at 1058 (alteration and citation omitted). Stated another way, Allison has plausibly alleged that Rogers chose one treatment over the plaintiff's preferred treatment even though Rogers knew that Allison's preferred treatment was medically necessary based on Allison's records and prevailing medical standards. *See Norsworthy*, 87 F. Supp. 3d at 1117.

Allison may thus proceed against Defendant Rogers on his claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. This does not, however, guarantee that Allison's claims will be successful; the Court merely finds that Allison's claim is colorable, meaning that the claim will not be summarily dismissed at this stage. Further, this Order is not intended to be a final or comprehensive analysis of Allison's claim against

Defendant Rogers but is only a determination that the claim is plausible and should proceed to the next stage of litigation.

### C.    Pending Motions for Summary Judgment, to Deny or Stay Summary Judgment, and for Discovery

The Court now turns to Defendant Siegert's Motion for Summary Judgment, and Allison's Motion to Deny or Stay Summary Judgment and Motion for Discovery.

First, as a preliminary matter, the Court notes that Defendant Siegert has not filed an answer to the Amended Complaint. Siegert filed an answer on August 1, 2019 (Dkt. 15), which was about a week after Allison had filed his Amended Complaint (Dkt. 14). However, the answer was designated as being in response to the Original Complaint, and not an answer to the Amended Complaint. Because the allegations against Defendant Siegert contained in the Amended Complaint appear to be identical to the allegations contained in the Original Complaint, the Court will deem Defendant Siegert's answer (Dkt. 15) to be an answer to the Amended Complaint. However, the Court will grant Siegert the option of filing an amended answer in response to the Amended Complaint if she chooses to do so.

Second, in light of the Amended Complaint, which adds an additional defendant—Defendant Rogers—and additional claims as to that defendant, the Court will reopen discovery.

The question that remains is whether this reopening of discovery applies to both the claims against Defendant Rogers and the claims against Defendant Siegert, or only as to the claims against Defendant Rogers. For the reasons set forth below, the Court will reopen discovery as to both defendants.

### 1.  Motion to Deny or Stay and Motion for Discovery

Under Federal Rule of Civil Procedure 56(d), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Here, Allison requests denial or a stay of the motion for summary judgment until he has "obtained the information I need through discovery which I have not received." (Dkt. 21.) In his affidavit in support, he states that he "did not know that I have to request discovery or information that I need from defendants counsel," and does not "have any contact information for defendant William Rogers or his counsel." (Dkt. 21-1.) Allison also requests the following discovery: "All medical records from 2007 to date. Including all records that Corizon received from Dr. Marsh my pain specialist at St. Al's in Boise Idaho. And from Dr. Manos from The Spine Institute of Idaho." (Dkt. 22.)

Defendant Siegert opposes the Motion to Deny or Stay Summary Judgment

and the Motion for Discovery, arguing that Allison's Motion to Deny or Stay is

untimely and that Allison has failed to establish additional discovery is needed to

respond to the Motion for Summary Judgment.

As to the timeliness of Allison's motion, the Court notes that the certificate

of service on the Motion for Summary Judgment states that it was served on

Allison by United States Mail on April 2, 2020. The required Notice to Pro Se

Litigant of Your Rights and Obligations Re: The Opposing Party's Motion for

Judgment or Dismissal (the "Notice") was not, however, mailed to Allison until

April 9, 2020. This delay in mailing of the Notice was due to the lack of staffing in

the Court Clerk's Office, which was in turn due to the COVID-19 pandemic and

resulting statewide stay-at-home order that was in place at the time. Although

Allison did not file his Motion to Deny or Stay and Motion for Discovery until

April 30, 2020, under the circumstances the Court will deem Allison's motions to

be timely.

Further, the Court finds that the record, including Allison's motions,

sufficiently demonstrates that Allison needs the requested discovery to oppose

summary judgment. In so finding, the Court keeps in mind Allison's status as a *pro*

*se* prisoner litigant. *See United States v. Seesing*, 234 F.3d 456, 462 (9th Cir.2000)

("Pro se complaints and motions from prisoners are to be liberally construed.").

The Court also notes that Allison has represented that he has autism and a severe mental disorder (Dkts. 3, 14). Defendant Siegert does not contradict this representation.

Siegert points out that her involvement in Allison's medical care was limited to serving as an appellate authority of Allison's grievance in which he complained that the medical care he was receiving was inadequate. She contends that, in conducting her review of Allison's grievance, she reviewed Allison's medical records, and that those records did not suggest Allison was being denied medical care, and did not indicate that Allison's pain complaints were being ignored by Corizon. Siegert further contends that the records establish that medical professionals who examined Allison were of the opinion that, in his case, his requested treatment for his chronic pain—narcotic pain medications—were contraindicated. Siegert also describes the treatments that Allison was receiving based upon her review of the medical records. She contends that the facts she sets forth are undisputed and establish that she did not act with deliberate indifference to Allison's medical needs.

In his Motion to Deny or Stay Summary Judgment and Motion for Discovery, Allison seeks to receive a copy of the medical records in Corizon's possession from 2007 to date, including those records received from Dr. Marsh,

Allison's pain specialist at St. Alphonsus, and from Dr. Manos from The Spine
Institute of Idaho. These requested medical records presumably include those
records that Siegert states that she reviewed in determining that Allison was
receiving sufficient medical care. The Court finds that Allison needs access to
those records to oppose summary judgment.

Further, the Court disagrees with Siegert's position that the records that have
already been provided to Allison (which are from a limited time frame) are
sufficient. A fair reading of Allison's allegations are that he was previously in
IDOC custody beginning on an unspecified date and ending in 2015, and that
during that time he was provided treatment for his spinal cord condition. He was
also provided treatment by Dr. Marsh, Allison's pain specialist, and Dr. Manos
from the Idaho Spinal Institute. It is unclear whether that treatment was during
Allison's previous term of incarceration at IDOC or whether, instead, that
treatment was only during the interim between his release in 2015 and his
reincarceration in 2017. Nonetheless, the records from Dr. Marsh and Dr. Manos
that IDOC/Corizon possesses, as well as the records for treatment Allison received
while previously incarcerated at IDOC, are relevant to the adequacy of the
subsequent treatment that was provided to Allison upon his reincarceration with
IDOC beginning in 2017.

Siegert insists that this case comes down to a disagreement between Allison and his doctors regarding the appropriate treatment of his spinal cord condition. While that may be true, Allison should be provided the opportunity to show that his case is not merely about a difference of opinion but that, instead, there is a genuine issue of material fact regarding whether Siegert acted with deliberate indifference. Access to the requested medical records is needed in order for Allison to do so.

Finally, the Court warns Plaintiff Allison that he must diligently prosecute this case. The failure to do so may result in dismissal of the case for failure to prosecute.

The Court will direct the Clerk of the Court to send Plaintiff a copy of the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases that was previously issued in this case and provided to Plaintiff in June 2019. (Dkt. 7.) Allison should closely review the information and instructions provided in that order and any other order issued in this case. The Court is reopening discovery and is modifying the discovery deadlines as set forth below. Plaintiff is warned that he must diligently pursue discovery by requesting from Defendants information in their possession, custody, or control that Plaintiff needs to prove his claims and to oppose any future motions filed by Defendants.

## ORDER

**IT IS ORDERED that:**

1.      Plaintiff Gary Eugene Allison's Motion to Deny or Stay Summary Judgment (Dkt. 21) is GRANTED, and Defendant Rona Siegert's Motion for Summary Judgment (Dkt. 19) is DENIED without prejudice.

2.      Plaintiff may proceed on his Eighth Amendment claims against Defendants William Rogers and Rona Siegert as set forth in the Amended Complaint (Dkt. 14). The claims against Defendant Corizon are DISMISSED without prejudice.

3.      Defendant Siegert's answer (Dkt. 15), filed in response to the Original Complaint, is deemed to be an answer to the Amended Complaint. However, Siegert is granted the option of filing, within twenty-one (21) days of the date this order is entered, an amended answer in response to the Amended Complaint.

4.      Plaintiff's Request for Discovery (Dkt. 22) is GRANTED. Defendant Siegert is directed to provide to Plaintiff, no later than twenty-one (21) days of the date this order is entered, a copy of all of Plaintiff's medical records in the possession, custody, or control of IDOC for the period 2007 to present, including all records Corizon/IDOC received from Dr. Marsh, Dr. Manos, and/or the Spine Institute of Idaho.

5.      Defendant Rogers will be allowed to waive service of summons by

**MEMORANDUM DECISION AND ORDER - 16**

executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendant Rogers chooses to return the Waiver of Service of Summons, his answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 14), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

> **Kevin West and Dylan Eaton**, Parsons Behle & Latimer, 800 W. Main Street, Suite 1300, Boise, Idaho, 83702, on behalf of Defendant Rogers.

6.      Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

7.      If Plaintiff receives a notice from Defendant Rogers indicating that service will not be waived, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service address for Defendant Rogers, or

claims against him will be dismissed without prejudice without further notice.

8. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, entered June 9, 2019, with the dates and deadlines in that order modified as follows:

a. Mandatory disclosures, other than supplemental disclosures under Rule 26(e), must be completed no later than 90 days after this order is entered.

b. All discovery, including depositions, must be completed no later than 270 days after entry of this order. Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery deadline.

9. Dispositive motions must be filed no later than 300 days after entry of this Order.

10. The Clerk of Court is directed to send Plaintiff a copy of the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases entered on June 20, 2019 (Dkt. 7).

11. Plaintiff is reminded that he must review and comply with all Orders entered in this case, including any dates and deadlines set forth therein. Plaintiff is further reminded that he must actively prosecute his case, including requesting

from opposing parties any information that he needs to prove his claims and/or to oppose motions filed by the opposing parties. Failure of Plaintiff to actively prosecute this case, or failure to comply with the Court's Orders, may result in dismissal of this action.

DATED: December 4, 2020

B. Lynn Winmill
U.S. District Court Judge