UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY EUGENE ALLISON,<br><br>Plaintiff,<br><br>v.<br><br>RONA SIEGERT, et al.,<br><br>Defendants. | Case No. 1:19-cv-00122-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff, Gary Eugene Allison, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 31, 2020, Plaintiff filed a motion for the appointment of counsel. (Dkt. 26.) Plaintiff also has filed a motion that is titled "Motion for Assistance." (Dkt. 29.)

### A. Motion for Appointment of Counsel (Dkt. 26)

Plaintiff asks for appointment of counsel because he is autistic and has "a serious mental disorder (scizo-effective) which causes both auditory and visual hallucinations and it makes it hard for [him] to understand what to do." (*Id.*) He explains: "There are times when I have episodes that last days or weeks where I am caught in a walking dream. During these times I am not competent, because I am in

a different reality. This is not always the case, but there is always a chance that it may happen." (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not

exceptional. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Finally, based on a review of the record in this case, it appears that, despite any mental health issues from which Plaintiff may suffer, he is able to adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

### B. Motion for Assistance

Plaintiff's motion for assistance explains that he does not understand the sequence or process that he must follow from this point on in the case and cannot find any reference that he can follow so is asking for this information from the Court. (Dkt. 29.) He also states that he has not yet received his medical records. (*Id.*)

As to Plaintiff's question regarding how to proceed from this point, the Court previously issued a Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases. (Dkt. 7.) That order sets out general guidelines on what is required of Plaintiff in terms of disclosure and discovery. Plaintiff should review that order carefully and follow the instructions provided therein. The Court reminds Plaintiff that the deadlines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases were modified by the Court's

Memorandum Decision and Order dated December 4, 2020.

Finally, in the Court's Memorandum Decision and Order, the Court directed Defendant Siegert to provide to Plaintiff, within 21 days, a copy of all of Plaintiff's medical records in the possession, custody, or control of IDOC for the period 2007 to present, including all records Corizon/IDOC received from Dr. Marsh, Dr. Manos, and/or the Spin Institute of Idaho. (Dkt. 24 at 16.) Plaintiff represents that he has not yet received those records. (Dkt. 29.) The Court will require Defendant Siegert to file a response to Plaintiff's representation and in such response either certify that the medical records have now been provided to Plaintiff or provide an explanation for why Defendant Siegert has failed to comply with the Court's order.

## ORDER

IT IS ORDERED that

1. Plaintiff's Motion Requesting Appointment of Counsel (Dkt. 26) is **DENIED** without prejudice.

2. Plaintiff's Motion for Assistance (Dkt. 29) is **GRANTED** in part and **DENIED** in part.

    a. The motion is granted only to the extent that:

        i. The Court directs Plaintiff to review the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases dated June 20, 2019 (Dkt. 7), and the Memorandum Decision

and Order dated December 4, 2020. (Dkt. 24) for directions on how to proceed; and

ii. The Court directs Defendant Siegert to file a response to Plaintiff's representation that Plaintiff has not received the medical records that the Court directed Defendant Siegert to provide within 21 days of December 4, 2020 (*see* Dkt. 24 at 16). In such response, Defendant Siegert shall either certify that the medical records have now been provided to Plaintiff or provide an explanation for why Defendant Siegert has failed to comply with the Court's order to provide those records.

b. The Motion for Assistance is otherwise **DENIED.**

DATED: January 30, 2021

B. Lynn Winmill
U.S. District Court Judge