UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY EUGENE ALLISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RONA SIEGERT, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00122-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　Plaintiff, Gary Eugene Allison, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 31, 2020, Plaintiff filed a motion for the appointment of counsel. (Dkt. 26.) The Court denied the motion without prejudice in an order entered January 30, 2021. (Dkt. 31.) Before the Court is Plaintiff's renewed request for appointment of counsel. (Dkt. 37.)

　　Plaintiff asks for appointment of counsel because he is scizo-effective and has Aspergers with ADHD, and because he does not understand what he needs to do when it comes to this case. (*Id.*)

　　Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part*

MEMORANDUM DECISION AND ORDER - 1

*on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. As the Court previously explained, even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Finally, based on a review of the record in this case, it appears that, despite any mental health issues from which Plaintiff may suffer, he

is able to adequately articulate his claims.

As to Plaintiff's statement that he does not understand what he needs to do, and how to proceed, the Court again refers Plaintiff to the Court's previously issued Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases. (Dkt. 7.) That order sets out general guidelines on what is required of Plaintiff in terms of disclosure and discovery. Plaintiff should review that order carefully and follow the instructions provided therein. The Court also again reminds Plaintiff that the deadlines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases were modified by the Court's Memorandum Decision and Order dated December 4, 2020 (Dkt. 24).

**IT IS HEREBY ORDERED that** Plaintiff's Motion Requesting Appointment of Counsel (Dkt. 37) is **DENIED** without prejudice.

DATED: March 22, 2021

B. Lynn Winmill
U.S. District Court Judge